UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JORDAN HICKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5113** |
| **TIMOTHY HOOPER, WARDEN** | **SECTION: "B" (4)** |

## ORDER AND REASONS

Before the Court are state court prisoner Jordan Hicks's (Petitioner or Hicks) petition seeking habeas corpus relief (Rec. Doc. 1), the Magistrate Judge's Report and Recommendation (R&R) dismissing the petition (Rec. Doc. 13), and petitioner's objections to the R&R (Rec. Doc. 14). For the reasons discussed below,

**IT IS ORDERED** that petitioner's objections are **OVERRULED** and the Report and Recommendation (Rec. Doc. 13) are **ADOPTED as the opinion of the Court; and**

**IT IS FURTHER ORDERED that the petition seeking issuance of a writ of habeas corpus is DISMISSED WITH PREJUDICE.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 19, 2017, petitioner was convicted after jury trial of two counts of second degree murder; his jointly tried co-defendant was found guilty of two counts of manslaughter. Rec. Doc. 13. at 1-3. The state appellate court did not provide a factual summary in its opinion issued in petitioner's direct appeal. The facts are taken from the joint trial of petitioner and his co-defendant Ernest Payne's direct appeal. *See State v. Payne*, 258 So. 3d 1015, 1016-18 (La. App. 5th Cir. 2018); Rec. Doc. 9 (State Court Record); below referenced excerpts from the R&R. Rec. Doc. 13 at 1-2; and parties' briefings.

On August 12, 2012, Jefferson Parish Deputy Christopher Lewis responded to a shooting near the intersection of Julie Street and Second Zion Avenue where he observed a car riddled with

1

bullet holes. *Id.* at 2. Delanta McCall a/k/a Dig, was dead in the passenger's seat. *Id.* Martin Harry a/k/a Marty was in the driver's seat semi-conscious but was later declared dead at the hospital. *Id.*

Kira Carter, as well as other witnesses, advised Deputy Lewis that a white pick-up truck had sped away from the scene shortly before his arrival. *Id.* Carter relayed that before the shooting, she was on the front porch of her home with her friends and their children. *Id.* Carter retrieved an item from her car and was approached by a man (later identified as petitioner's co-defendant) who was driving a white truck. *Id.* Carter observed two other vehicles pull up to the intersection and exchange words with the women on her porch before Carter heard gunshots. *Id.*

The lead car that pulled up to the intersection was driven by Jacobee Goff, who asked the women on the porch for "Lil Kevin." *Id.* The second car contained Harry and McCall, with Nakia Williams in the backseat. *Id.* Williams advised that when the gunshots were heard, Harry tried to drive off but was blocked by Goff's car. *Id.* Williams then observed someone approach the driver's side and shoot at the car. *Id.* at 2-3. Williams also observed the co-defendant standing by the white truck while other people (one later identified as petitioner) shot from the back of the truck. *Id.* at 3. Williams ducked down in the backseat of the car before later running away from the scene. *Id.*

Petitioner was initially represented by an appointed public defender, John Benz. *Id.* at 28. Several months later, Aiden Shah, an associate with Martin Regan's law firm filed omnibus motions for petitioner and made a first appearance for petitioner. *Id.* A year later, Shah was granted leave to withdraw from representation because petitioner's family stopped making payments. *Id.*

Appointed counsel again began to represent petitioner for almost three years. *Id.* In 2017, Regan and his associate appeared at an in court status conference to announce intent to enroll on petitioner's behalf after petitioner's mother made a payment on delinquent account. *Id.* The state trial judge advised that the case will go forward in two weeks because of the long delay and advised

2

Regan that if he enrolls, knowing there are scheduling conflicts, the case will go forward. *Id.* at 28-29. Until Regan enrolled, Benz would continue as petitioner's attorney. *Id.* at 29.

Approximately five years later, petitioner and co-defendant were jointly tried before a jury. *Id.* at 3. During petitioner's trial, the state introduced Darlene Hicks's prior statement to the police despite her claiming not being able to recall because of her lifelong alcohol and drug abuse. *Id.* at 14. In addition, she claimed to have used cocaine hours before trial. *Id.* Petitioner and co-defendant were found guilty on both counts of manslaughter. *Id.* at 3. Petitioner's appointed counsel filed a motion for a new trial on the basis that the verdict was contrary to law and evidence and that the state trial court denied petitioner of his right to counsel of choice when the court did not grant a continuance to allow petitioner's private counsel to enroll. *Id.* The state trial court denied the motion as meritless. *Id.*

On direct appeal to the Louisiana Fifth Circuit Court of Appeal, petitioner asserted: (1) the state trial court erred by denying the motion for new trial for denial of counsel of choice; (2) the state trial court erred by denying petitioner's right to proceed to trial with counsel of choice; and (3) state trial court erred by denying petitioner's retained attorney's require for a continuance so he could represent his client. *Id.* at 4.

The Louisiana Fifth Circuit affirmed the convictions and sentences finding no merit in the claims. *Id.* Petitioner's related writ application was subsequently denied by the Louisiana Supreme Court without stated reasons. *Id.*

Petitioner with current retained counsel filed an application for post-conviction relief in state trial court. *Id.* Petitioner asserted four claims: (1) general averments; (2) ineffective assistance and abandonment of trial counsel by retained counsel who failed to appear at trials; (3) ineffective

appellate counsel and the insufficiency of evidence and (4) non-unanimous jury verdict. *Id.* at 4-5.

A supplement was filed asserting a fifth claim challenging the use and admissibility of witness Darlene Hicks's pretrial statement and trial testimony during which she claimed was under the influence of drugs. *Id.* at 5. Petitioner argued that the prosecution used Darlene Hicks for the sole purpose of creating a hearsay exception to admit her pretrial statements to police. *Id.*

The state trial court denied petitioner's application. *Id.* at 6. The court found that the first claim failed to comply with procedural requirements pursuant to La. Code Crim. P. art 926 and failed to meet the burden under La. Code Crim. P. art 930.2. *Id.*

The second claim was found to be repetitive of matters addressed on appeal and thus barred from further review under La. Code Crim. P. art 930.4(A). *Id.* Any new allegations associated therewith that could have been raised sooner under La. Code Crim. P. art 930.4(B) were also barred from review. *Id.*

On the third claim, the court found petitioner failed to establish ineffective assistance of appellate counsel. *Id.* The underlying claim of insufficiency was barred from review pursuant to La. Code Crim. P. art. 930.4(c), because it was not raised on direct appeal. *Id.* The claim was also found to be without merit under *Jackson v. Virginia,* 443 U.S. 307 (1979). *Id.*

On the fourth claim, the court denied the claim because the verdict was unanimous, but also because *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), did not apply retroactively on collateral review to final convictions. *Id.*

The court finally held that for the supplemental fifth claim, the prosecutorial misconduct was procedurally barred pursuant to La. Code Crim. P. art. 930.4(B), because the basis for the alleged misconduct was known at the time of the trial and appeal. *Id.* at 7. The claim was also

meritless, because La. Code Evid. art. 801(D)(1) allowed use of prior inconsistent statements at trial as substantive evidence of guilt. *Id.*

Petitioner then sought review by the Louisiana Fifth Circuit. *Id.* at 7. He asserted only three claims: (1) petitioner's retained private counsel acted ineffectively when he abandoned petitioner at trial; (2) appellate counsel was ineffective for failing to assert a claim of insufficient evidence; and (3) state's knowing use of drug-addicted Darlene Hick violated petitioner's due process rights. *Id.*

The Louisiana Fifth Circuit denied the writ application. Claim one was procedurally barred from review pursuant to La. Code Crim. P. art. 930.4(A). *Id.* Petitioner also failed to meet burden under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.*

Petitioner also failed to meet his burden under *Strickland* for the second claim. *Id.* at 8. The court also noted that it would have as a matter of course reviewed sufficiency of evidence on appellate review. *Id.* Petitioner could not establish that he was prejudiced by counsel's failure to assert the claim. *Id.* Petitioner also could have raised the claim himself but failed to file a brief despite being granted leave to file. *Id.*

Finally, the prosecutorial misconduct claim was barred pursuant to La. Code Crim. Art. 930.4(B), and otherwise without merit under La. Code Evid. art. 801(D)(1)(a) as an exception to the hearsay rule. *Id.*

The Louisiana Supreme Court denied petitioner's writ application because of the failure to meet his burden under *Strickland* for the assistance of counsel claims, failure to meet the burden under La. Code Crim. P. art. 930.2, and/or the claims were repetitive under La. Code Crim. P. art. 930.4. *Id.*

5

On December 7, 2022, petitioner filed a federal petition for habeas relief in which he asserted three grounds for relief: (1) petitioner's Sixth Amendment right to counsel was violated by ineffective assistance and abandonment of retained private counsel, (2) his Sixth Amendment right to counsel on direct appeal was violated by counsel's failure to raise an insufficient evidence claim; and (3) his Fifth Amendment rights were violated when State knowingly used drug-addicted Darlene Hicks as a witness who testified under the influence of narcotics. *Id.* at 8-9; Rec. Doc. 1.

While acknowledging a timely filing of the petition, the State contends in opposition the petition failed to properly exhaust the third claim. As such, according to the State, it must be considered technically exhausted and defaulted and thus barred from review based on the procedural bar imposed by the state courts. Rec. Doc. 8 at 4, 36-42; Rec. Doc. 13 at 9. Additionally, the State argues all three claims lack merit, and the denial of relief by the state courts was not contrary to or an unreasonable application of federal law. Rec. Doc. 8 at 8-48.

Petitioner's counsel-filed reply stated he properly exhausted state court review of his claims because he sufficiently asserted the prosecutorial misconduct as a constitutional claim in the state courts. Rec. Doc. 12. He argues the state courts denied his claims on the merits and not on procedural grounds. *Id.* He further reasserted summaries of his arguments in support of the merits of his three claims. *Id.*

## LAW AND ANALYSIS

### A.    General Standard of Review

A District Court may designate a magistrate judge to conduct evidentiary hearings if necessary and issues proposed Report and Recommendation. 28 U.S.C. § 636(b)(1)(2022). A petitioner may file and objection within fourteen days, at which point a judge shall make a *de novo*

determination on the findings. *Id.* A judge may accept, reject, or modify any part of the Report and Recommendation. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls the review of a 28 U.S.C. § 2254 habeas corpus petition. *See Poree v. Collins*, 866 F. 3d 235, 245 (5th Cir. 2017). The questions on habeas review are whether the petition is timely and whether the claim was adjudicated on the merits in state court. 28 U.S.C. § 2254(b), (c).

### B. Claim Three (Prosecutorial Misconduct)

#### 1. Exhaustion

As timeliness is not an issue in this case, the focus is on whether the petitioner's claims were adjudicated on the merits in state court, i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997)(citing 28 U.S.C. § 2254(b), (c)); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)(citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

The exhaustion requirement requires the federal habeas claim to be "fairly presented to the *highest* state court" in a procedurally proper manner. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78(1971)(emphasis added). The state courts must have "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The federal claim must be the "substantial equivalent" of the claims brought in the state courts to meet the "fairly presented requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78).

Here, there is no conflict regarding petitioner's first and second claim being properly exhausted. Rec. Doc. 13 at 10. The issue remains with whether the third claim of prosecutorial misconduct was properly exhausted.

Petitioner asserted that under prosecutorial misconduct his Fifth Amendment rights were violated when the State knowingly used a drug-addicted witness who testified under the influence of narcotics. *Id.* at 13. The Magistrate Judge notes that petitioner claims the prosecution "strongarmed" Darlene Hicks to adopt her pretrial statement, despite her claiming she was unable to recall the statement and that she was unreliable due to her alcohol and drug abuse. *Id.* Petitioner argued that this testimony was all done to force hearsay statements into the record. *Id.* These same arguments were made through his state court post-conviction pleadings and appears to have argued that the prosecution denied him due process. *Id.* at 14. Although petitioner claims for the first time that the prosecution knowingly used an incapacitated witness to recite her "drug-addled recollection," petitioner made sufficient arguments to all state courts about the trial fairness. *Id.* at 15. The Magistrate Judge did not err in concluding petitioner properly exhausted his claims in state court.

**2) Procedural default**

A claim can be in procedural default under La. Code Crim. P. art. 930.4. Procedural default bars federal court review of a federal habeas claim when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural rule that bars review. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Glover v. Cain*, 128 F.3d 900, 902(5th Cir. 1997).

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on state procedural grounds that bar review of the claim. *Amos v.*

*Scott*, 64 F.3d 333, 338(5th Cir. 1995). The state law ground may be a substantive rule dispositive of the case or a procedural bar to adjudication of the claim on the merits. *See Wainwright v. Sykes*, 433 U.S. 72, 81-82, 90 (1977).

It is well settled that imposition of a prevailing state procedural bar prevents federal court review over any alternative discussion of the merits of the claim by a state court. *Rhoades v. Davis*, 914 F.3d 357, 372 (5th Cir. 2019)(citing *Harris*, 489 U.S. at 263); *Robinson v. Louisiana*, 606 F. App'x 199, 204 (5th Cir. 2015)(citing *Woodfox v. Cain*, 609 F.3d 774, ,796 (5th Cir. 2010)). A reference to Article 930.2 that does not include reference to another ground for dismissal is a decision on the merits. *See, e.g., Woodfox*, 609 F.3d at 796(state court's dismissal citing La. Code Crim. P. art. 930.2 is, in the absence of evidence to the contrary, an adjudication on the merits for AEDPA purposes).

The Magistrate Judge correctly opines that a federal habeas court does not correct errors made by state courts in interpreting and applying state law. *Id.* at 17 (citing *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998)). The Louisiana Supreme Court was the last court to rule on petitioner's prosecutorial misconduct claim and petitioner's writ was denied based on failure to meet the burden of *Strickland. Id.* It also denied the petition due to a failure to meet his "post-conviction burden and/or the claims are repetitive" under La. Code Crim. P. art. 930.2 and La. Code Crim. P. art. 930.4. *Id.* Since there was a reference to Article 930.2 *and* the other ground for dismissal under La. Code Crim. P. art. 930.4, the Magistrate Judge concluded the procedural bar prevails over the alternative merits discussion.

Alternatively, the Magistrate Judge used a three-part test to determine if the reference to Article 930.2 was a merits review and if federal courts could not easily discern whether it is a merits or procedural denial. *Id.* at 19; *Woodfox v. Cain*, 772 F. 3d 358, 371(5th Cir. 2014)(citing

9

*Mercadel*, 179 F.3d at 274). The *Woodfox* test consists of: (1) what state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination on the merits. *Id.* at 371.

The Magistrate Judge conducted the test and noted the first step is not definitive either way, as Louisiana Supreme Court and other state courts have cited La. Code Crim. P. art. 930.2 in different ways. Rec. Doc. 13 at 19-20. The second and third steps suggest that the claim is barred from review because all state courts reference La. Code Crim. P. art. 930.4 for procedural bar. *Id.* Importantly, the courts only discuss why the claims were meritless in the alternative. *Id.* The Magistrate Judge determined that the procedural bar under La. Code Crim. P. art. 930.4 was independent of federal law and adequate to bar review, unless petitioner established one of the exceptions. *Id.*

Petitioner argued that every court addressed the prosecutorial misconduct claim on the merits. Rec. Doc. 14 at 3. Petitioner notes that the Louisiana Supreme Court dismissed by stating "As to his remaining claims, he ***fails to meet his postconviction burden of proof*** and/or the claims are repetitive." *Id.* 4-5. However, the Magistrate Judge correctly relied on several cases imposing procedural bar while referencing La. Code Crim. P. art. 930.2. *Harris v. Vannoy*, No. 16-10938, 2017 WL 5599504, at *4-5 (E.D. La. Nov. 21, 2017); *R&R adopted by* 2018 WL 6523144, at *1 (E.D. La. Dec. 12, 2018), *aff'd*, 799 F. App'x 302 (5th Cir. 2020).

The Magistrate Judge's application of the state procedural bar has not been shown to be unreasonable or contrary to law. *See* Rec. Doc. 8; Rec. Doc. 14. Petitioner's claim is procedurally barred based on our review of above-cited jurisprudence and the instant record.

3.     **Exceptions**

A federal habeas petitioner may be excluded from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902(citing *Coleman*, 504 U.S. at 731-32). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454(1986).

The Magistrate opined that petitioner points to nothing that actually impeded his efforts to properly present his prosecutorial misconduct claim. Rec. Doc. 13. At 23. There is no argument and nothing in the record that establishes cause for his failure to bring his claim to the state courts in a procedurally proper manner. *Id.* There is then no need to look at prejudice. *Id.* Additionally, petitioner presents no suggestion of his actual innocence. *Id.*

Petitioner did not discuss exceptions to procedural bar in his objection because he argued that the procedural bar did not prevent his claim in the first place. *Id.* For those reasons, he failed to overcome the procedural bar to his prosecutorial misconduct claim, and the Magistrate Judge did not err by finding the claim should be dismissed with prejudice.

C.     **Effective Assistance of Counsel (Claims 1 and 2)**

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2)(2006); *see Hill v. Johnson*, 210 F.3d 481, 485(5th Cir. 2000). Petitioner has the burden to overcome a presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1). This standard grants deference be given to the state court's

decision unless the decision was "contrary to or involved an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at an opposite conclusion to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court on a set of "materially indistinguishable facts." *Williams*, 529 U.S. at 405-06, 415-13. A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts. *Id.* At 406-08.

*Strickland* established a two-part test for evaluating claims of ineffective counsel. *Strickland*, 466 U.S. at 687. A petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. In order to prove prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bell*, 535 U.S. at 695 (quoting *Strickland*, 466 U.S. at 694). This standard requires a "substantial," not just "conceivable," likelihood of different result. *Harrington*, 562 U.S. at 112. An attorney's representation must amount to incompetence under "prevailing professional norms." *Id.* At 105(citing *Strickland*, 466 U.S. at 690).

### 1)     **Claim 1 Counsel of Choice**

One element of the Sixth Amendment right to counsel is "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144(2006). Wrongful deprivation of this choice of counsel is a "structural error" that "pervades the entire trial." *Id.* at 150. However, the right to counsel of choice is not absolute. *Id.* at 144. This violation of the right is limited to cases where the trial court unreasonably or

arbitrarily interfered with a defendant's ability to choose his counsel. *United States v. Mendoza-Salgado*, 964 F.2d 993, 1016 (10th Cir. 1992). A trial court has wide latitude in balancing the right to counsel of choice against the needs of fairness . . . [and] against the demands of its calendar." *Gonzalez-Lopez*, 548 U.S. at 151-52(citing *Wheat v. United States*, 486 U.S. 153, 163-64(1988).

The Magistrate Judge opined that because petitioner needed an indigent defender precludes a right to counsel of choice per. *See Luis v. United States*, 578 U.S. 5, 12 (2016). The judge stated that petitioner's complaints are ethical or contractual in nature, but not constitutional violations. Rec. Doc. 13 at 36-37. Even if the constitutional protections were in place, petitioner would fail *Strickland* because his appointed attorney of several years leading up to and through the trial was effective. *Id.* at 39. Petitioner had competent counsel at all critical stages, he simply did not have the counsel of his choice and cannot prove prejudice. *Id.* The Magistrate Judge properly concluded that the state courts' decision of the claim failing to meet *Strickland* was reasonable.

**2)    Claim 2 Appellate Counsel**

To prevail on a claim that appellate counsel was constitutionally ineffective, a petitioner must show that his appellate counsel unreasonably failed to discover and assert a nonfrivolous issue and establish a reasonable probability that he would have prevailed on this issue on appeal but for his counsel's deficient representation. *Briseno v. Cockrell*, 274 F.3d 204, 207(5th Cir. 2001); *Smith*, 528 U.S. at 285-86. However, effective appellate counsel is not required to assert every nonfrivolous argument for appeal. *Green v. Johnson*, 160 F.3d 1029, 1043(5th Cir. 1998)(citing *Evitts,* 469 U.S. at 394).

Petitioner argues that it was "irrational" for the jury to give credibility to two eyewitnesses with allegedly conflicting statements. Rec. Doc. 13 at 40. One witness could identify both petitioner and his co-defendant while the other witness could identify only the co-defendant among

the perpetrators, and his appellate counsel should have raised the issue. *Id.* Neither witness excluded the possibility that both men were present and involved in the shooting.

A reviewing court is not authorized to substitute its interpretation of the evidence or its view of the credibility of witnesses in place of the factfinder. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995); *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). A reviewing court, therefore, must "presume – even if it does not appear in the record - that the trier of fact resolved any conflicts [in the evidence] in favor of the prosecution, and must defer to that resolution." *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (emphasis added) (quoting *Jackson*, 443 U.S. at 326). Furthermore, under state and federal law, the testimony of a single witness if believed by the trier of fact, is sufficient to support a factual finding. *See State v. Higgins*, 898 So. 2d 1219, 1226 (La. 2005); *Cameron v. Vannoy*, No. 18-9502, 2020 WL 2520714, at *10 (E.D. La. May 18, 2020) ("Under both federal and Louisiana law, when the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the testimony of an eyewitness is generally sufficient to support a conviction.").

The Magistrate Judge opined and we find that a sufficiency evaluation was already completed by Louisiana Fifth Circuit, even though the petitioner did not assert it. *Id.* at 43. So even minor differences within the experiences of the witnesses could not be considered to meet the standard of insufficient evidence. *Id.*

Accordingly, petitioner Hicks's § 2254 petition for habeas corpus relief is denied and dismissed with prejudice.

New Orleans, LA this 24th day of May 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE